UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      **Plaintiff**

   v.                                       Civil Action No. 06-0657 (JGP)

**DAVID DAVENPORT,**

      **Defendant**

O R D E R

This matter is before the Court upon **Plaintiff's Application For A Default Judgment With An Award Of Attorneys Fees**, filed pursuant to Federal Rule of Civil Procedure 55(b)(2) [docket no. 5]. As of the date of this Order, the Court has not received defendant's response to the plaintiff's motion. Defendant is not represented by counsel and as such is proceeding pro se in this case.

The Federal Rules of Civil Procedure govern proceedings in the District Courts of the United States. The Civil Rules of the United States District Court for the District of Columbia ("Local Civil Rules") govern cases before this court and supplement the Federal Rules of Civil Procedure. Local Civil Rule 7(b) permits the Court to treat a motion as conceded if no opposition or response is filed within eleven (11) days of the filing of the original motion. In Fox v. Strickland, 267 U.S. App. D.C. 84, 837 F.2d 507 (1988), the D.C. Circuit held that a district court must explain to a pro se party the nature of a pending motion filed by an adverse party and the consequences of failing to respond to a dispositive motion before the motion is granted based

on the pro se party's failure to oppose or respond to the motion.  When a court makes a decision as to a dispositive motion the result may be a final determination in the case.  Here, plaintiff is asking this Court to enter judgment in favor of plaintiff and against defendant in this case.  Because the resolution of this matter may be dispositive, the Court files this Order to be certain that defendant receives adequate notice that plaintiff's motion has been filed with the Court, that this case is before the Court for default judgment and that although the time for defendant to respond to the motion has passed, the Court will allow defendant until March 20, 2007 to file a response with the Court.  Defendant's response should address why a default judgment should not be entered or why the relief requested by plaintiff should not be granted.   If defendant fails to file a response on or before March 20, 2007 the Court will grant plaintiff's motion which means a default judgment will be entered against defendant and all that plaintiff is seeking will be granted and thus owed by defendant.  Accordingly, it is hereby

     **ORDERED** that defendant must respond to plaintiff's motion on or before March 20, 2007 or else the plaintiff's motion will be treated as conceded and judgment will be entered in favor of the plaintiff and against the defendant.

**DATE: March 9, 2007**                                                                                        **JOHN GARRETT PENN**
                                                                                                          **United States District Judge**